IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALVIN ALEXANDER, | § |
| (Tarrant # 0433873) | § |
| VS. | §  CIVIL ACTION NO.4:05-CV-475-Y |
| | § |
| | § |
| JP MORGAN ELECTRONIC | § |
| FINANCIAL SERVICES, Inc. | § |

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)

Plaintiff Alvin Alexander, an inmate presently housed at the Tarrant County jail, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). Alexander initiated this action with the filing, on July 26, 2005, of a form civil rights complaint seeking relief under 42 U.S.C. § 1983.[1] Alexander names as defendant JP Morgan Electronic Financial Services, Inc. ("JP Morgan")(Compl. Style; ¶ IV(B).) In his complaint, Alexander alleges that on two separate occasions, fist in 2001 and then in April 2005, money he received into an account with JP Morgan from the Social Security Administration was removed without his consent. (Compl. § V.) Alexander alleges that in 2001 the loss was $2,048, and in April 2005 the loss was $579. (Compl. § V.) He seeks compensation in monetary damages for these amounts.(Compl. § VI.)

---

[1] This is Alvin Alexander's third of four suits recently filed in this Court. The others are styled as: *Alexander v. Alexander, et al.*, No.4:05-CV-419-Y, *Alexander v. Oak Hollow Apartments, et al.*, No.4:05-CV-438-Y, and *Alexander v. Barr,* No.4:05-CV-488-A.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] A district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Alexander's claims in this suit, the Court finds that they must be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B)( i) and (ii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2005).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

of law.[6] Alexander's allegations in this complaint fail to satisfy the first element. Alexander has not alleged that JP Morgan Electronic Financial Services, Inc. violated a constitutional or federal right, and the listed factual allegations do not state such a claim.  Also, Alexander has failed to allege facts to show that the defendant acted under color of law.  Thus, Alexander's claims asserted through 42 U.S.C. § 1983 against defendant JP Morgan must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court determines that Alexander has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case.  The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332, or if the cause of action arises under the Constitution, laws or treaties of the United States under 28 U.S.C. § 1331.  Because plaintiff Alexander has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.  Also, in order to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000, and that he is a citizen of one state

---

[6]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

3

and the defendants are citizens of another.[7] Alexander has alleged a Florida address for defendant JPMorgan, and even assuming the defendant's citizenship for diversity purposes is based there, Alexander has failed to establish the amount in controversy.

The amount-in-controversy provision is to be narrowly construed, so as not to frustrate congressional purpose.[8] The test to determine whether the amount-in-controversy requirement is satisfied is the "legal certainty" test; to justify dismissal, it must appear to a legal certainty that a plaintiff's claim is for less than the statutory amount.[9] Alexander has alleged a loss of a total amount of $2627. Because the Court can say with a legal certainty that the plaintiff cannot recover an amount in excess of $75,000, he has failed to invoke this Court's diversity jurisdiction. Thus, any other claims must be dismissed for lack of subject matter jurisdiction.

It is therefore ORDERED that all claims under 42 U.S.C. § 1983 be, and they are hereby, DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

It is further ORDERED that to the extent Plaintiff's asserts

---

[7]*See* 28 U.S.C. § 1332(a)(1)(West 1993 and West Supp. 2005).

[8]*See Packard v. Provident National Bank,* 994 F.2d 1039, 1044-45 (3d Cir.), *cert den'd,* 510 U.S. 964 (1993).

[9]*See St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 288-89 (1938).

other claims, they are hereby DISMISSED WITH PREJUDICE to the right to refile in federal court for lack of subject matter jurisdiction.

SIGNED August 3, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE